UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA


W&T OFFSHORE, INC.,                         *       CIVIL ACTION
                                            *       NO: 17-07102
                                            *
vs.                                         *
                                            *
DAVID BERNHARDT, SECRETARY,                 *       SECTION: D
UNITED STATES DEPARTMENT                     *
OF THE INTERIOR; AND                        *       JUDGE: WENDY B. VITTER
GREGORY J. GOULD, DIRECTOR,                 *
OFFICE OF NATURAL RESOURCES                 *       MAGISTRATE JUDGE:
REVENUE, UNITED STATES DEPARTMENT           *       DANA DOUGLAS
OF THE INTERIOR                             *
                                            *
                                            *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF W&T OFFSHORE, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes plaintiff, W&T Offshore, Inc. ("W&T"), and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves for summary judgment on grounds that there are no genuine issues of material fact and that W&T is entitled to judgment in its favor as a matter of law.  As is fully set forth in the Statement of Uncontested Material Facts and Memorandum in Support of its Motion for Summary Judgment, W&T is entitled to summary judgment in its favor on several independent grounds:

1)      The final decision of the United States Department of the Interior in *W&T Offshore, Inc.*, 189 IBLA 238 (2017) (IBLA PLEADING0003040-3071) and *W&T Offshore, Inc. (On Reconsideration)*, 194 IBLA 24 (2018) (IBLA PLEADING0003129-3151) [*hereinafter* the "Final Decision"] is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; [and] (B) contrary to constitutional right,

1

power, privilege, or immunity" under 5 U.S.C. § 706(2) because it violates the "fair notice doctrine." *See FCC v. Fox TV Stations, Inc.*, 132 S. Ct. 2307 (2012); *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156 (2012); *United States v. Moss*, 872 F.3d 304, 313-315 (5th Cir. 2017); *ExxonMobil Pipeline Co. v. Dep't of Transportation*, 867 F.3d 564, 578-580 (5th Cir. 2017).

2)      The Final Decision is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under 5 U.S.C. § 706(2) because Interior: (a) failed to establish "a rational connection between the facts found and the choice made," *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto Ins. Co.*, 463 U.S. 29, 43 (1983); (b) "act[ed] contrary to the evidence before it," *ExxonMobil Pipeline Co. v. Dep't of Transportation*, 867 F.3d 564, 583 (5th Cir. 2017); and (c) failed to "provide adequate reasons explaining why it has rejected uncontradicted evidence, including testimonial evidence," *Redeemed Christian Church of God v. U.S. Citizenship & Immigration Servs.*, 387 F. Supp. 3d 734, 750-751 (S.D. Tex. 2016); *see also Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018) (Agency's "[c]onclusory explanations for matters involving a central factual dispute where there is considerable evidence in conflict do not suffice").

3)      The Final Decision is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under 5 U.S.C. § 706(2) because it contradicts Interior's regulations. *See Fina Oil & Chem. Co. v. Norton*, 332 F.3d 672, 676 (D.C. Cir. 2003); *Phillips Petroleum Co. v. Johnson*, 22 F.3d 616 (5th Cir. 1994).

4)      Insofar as it finds that W&T did not act timely to recover overpayments attributable to production months July and August 2003, the Final Decision is "in excess of

2

statutory jurisdiction, authority, or limitations, or short of statutory right" under 5 U.S.C. § 706(2) because it violates 30 U.S.C. § 1721a(a)(3) & 30 U.S.C. § 1724 (Royalty Fairness and Simplification Act). *E.g.*, *Kerr-McGee v. DOI*, 554 F.3d 1082 (5th Cir. 2009); *Diamond Shamrock Expl'n Co. v. Hodel*, 853 F.2d 1159 (5th Cir. 1988).

WHEREFORE, W&T Offshore, Inc. respectfully requests that the Court grant summary judgment in its favor, and, therefore:

A)    Render a judgment setting aside the Final Decision of the Department of the Interior in *W&T Offshore, Inc.*, 189 IBLA 238 (2017) (IBLA PLEADING0003040-3071) and *W&T Offshore, Inc. (On Reconsideration)*, 194 IBLA 24 (2018) (IBLA PLEADING0003129-3151);

B)    Enter an order enjoining Interior from enforcing the Final Decision;

C)    Award W&T its costs of litigation, including attorney's fees;

D)    Grant such other relief as may be appropriate under the circumstances.

Respectfully submitted,

*/s/ Jonathan A. Hunter*
Jonathan A. Hunter
Sarah Y. Dicharry
JONES WALKER, LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana  70170-5100
Telephone:  504-582-8000

Dated:  June 22, 2020                    Attorneys for W&T Offshore, Inc.

3

## **CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing pleading was made via the Court's electronic filing system on June 22, 2020**.**

*/s/ Jonathan A. Hunter*